| | |
|---|---|
| 1 | **JASON I. SER** |
| | California State Bar No. 201816 |
| 2 | FEDERAL DEFENDERS OF SAN DIEGO, INC. |
| | 225 Broadway, Suite 900 |
| 3 | San Diego, California 92101-5008 |
| | Telephone: (619) 234-8467 |
| 4 | jason_ser@fd.org |
| 5 | Attorneys for Mr. Distefano |

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10         **(HONORABLE JEFFREY T. MILLER)**

| | | | |
|---|---|---|---|
| 11 | UNITED STATES OF AMERICA, | ) | Case No.: 08cr2351-JM |
| 12 | Plaintiff, | ) ) | Date:    August 8, 2008 |
| | | ) | Time:    11:00 a.m. |
| 13 | v. | ) | |
| | | ) | **NOTICE OF MOTIONS AND** |
| 14 | JAIME DISTEFANO, | ) | **MOTIONS TO:** |
| | | ) | |
| 15 | | ) | **(1) PRESERVE AND INSPECT EVIDENCE;** |
| | Defendant. | ) | **(2) COMPEL DISCOVERY;** |
| 16 | | ) | **(3) COMPEL NOTICE PURSUANT TO** |
| | | ) | **FED. R. CRIM. P. 12(b)(4)(B);** |
| 17 | | ) | **(4) DISMISS INDICTMENT DUE TO** |
| | | ) | **MISINSTRUCTION OF GRAND JURY;** |
| 18 | | ) | **(5) PRODUCTION OF THE TRANSCRIPT** |
| | | ) | **FOR THE JULY 2008 GRAND JURY'S** |
| 19 | | ) | **IMPANELMENT; AND,** |
| | | ) | **(6) GRANT LEAVE TO FILE FURTHER** |
| 20 | | ) | **MOTIONS** |

21   TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
            AARON B. CLARK, ASSISTANT UNITED STATES ATTORNEY:

23         **PLEASE TAKE NOTICE** that on August 8, 2008, at 11:00 a.m., or as soon thereafter as counsel

24   may be heard, the accused, Jaime Distefano, by and through his attorneys, Jason I. Ser and Federal Defenders

25   of San Diego, Inc., will ask this Court to enter an order granting the motions outlined below.

26   //

27   //

28   //

# MOTIONS

Defendant, Mr. Distefano, by and through his attorneys, Jason I. Ser and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1) Preserve and Inspect Evidence;
(2) Compel Discovery;
(3) Compel Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B);
(4) Dismiss Indictment Due to Misinstruction of Grand Jury;
(5) Production of the Transcript for the July 2008 Grand Jury's Impanelment; and,
(6) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on these motions.

Respectfully submitted,

/s/ Jason I. Ser

DATED: July 25, 2008
JASON I. SER
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Distefano
E-mail: jason_ser@fd.org

**JASON I. SER**
California State Bar No. 201816
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
jason_ser@fd.org

Attorneys for Mr. Distefano

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 08cr2351-JM |
| Plaintiff, ) | Date: July 25, 2008 |
| ) | Time: 11:00 a.m. |
| v. ) | |
| JAIME DISTEFANO, ) | **STATEMENT OF FACTS AND POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |
| Defendant. ) | |

**I.**

**STATEMENT OF FACTS**[1]

The probable cause statement alleges that on, June 30, 2008, the DEA obtained a search warrant for Mr. Distefano's residence at 9975 Troy Street, Spring Valley, California. The warrant also covered his pickup truck.

At 4:30 p.m., DEA Special Agent J. Allan Karas saw Mr. Distefano depart his residence in a Ford pickup truck. Agent Karas later detained Mr. Distefano at a nearby gas station. Thereafter, officials executed the search warrant for both the Try Street residence and the pickup truck. At the time of his detention, agents seized 18 grams of methamphetamine from Mr. Distefano's person.

---

[1] The following statement of facts is based on the probable cause statement attached to the complaint in this case. **The government has not produced any discovery to date**. Accordingly, the facts alleged in these motions are subject to elaboration and/or modification at the time these motions are heard. Mr. Distefano reserves the right to take a position contrary to the following statement of facts at the motions hearing and at trial.

1  Agent Karas discovered a knapsack in Mr. Distefano's office, which contained 3 bricks and 3 baggies
2  of marijuana. In total, this marijuana weighed 12 pounds. Next to the knapsack, Agent Karas found a .357
3  handgun as well as papers purportedly identifying pay/owe amounts for the sales of controlled substances.
4  A loaded 12 gauge shotgun and 2 other guns were found in the bedroom/closet area of the residence. The
5  agent also located a surveillance monitor and video cameras outside the residence. Agents also searched
6  a garage, in which they discovered 17-21 marijuana plants.

7  On July 16, 2008, Mr. Distefano was charged by a grand jury in an indictment with violations of 21
8  U.S.C. §§ 841(a)(1) and 860, 18 U.S.C. §§ 922(g)(1), 922(k), 924(a)(1)(B), 924(a)(2) and 924(c), 26 U.S.C.
9  §§ 5861(d) and 5871. He pled not guilty to these charges.

## II.

## MOTION TO PRESERVE AND INSPECT EVIDENCE

12  Mr. Distefano requests the preservation of all physical evidence in this case. This includes any
13  evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the
14  government (or its private contractors) in this case. See United States v. Riley, 189 F.3d 802, 806-808
15  (9th Cir.1999). This request includes, but is not limited to: (1) the Ford pickup in this case and its contents;
16  (2) the alleged contraband (both methamphetamine and marijuana) involved in the case, including samples
17  used to conduct tests; (3) the containers or packaging within which the contraband was discovered; (4) the
18  results of any fingerprint analysis; (4) any videotapes capturing Mr. Distefano or any third party in relation
19  to this case, including any surveillance footage captured by the video system in place at the residence or that
20  of law enforcement; (5) any recorded communications made by government officials related to the above
21  captioned case, e.g., dispatch prior to/during the vehicle stop, (6) the defendant's personal effects; and (7)
22  any evidence seized from the residence, defendant or any third party pursuant to the search warrant. Mr.
23  Distefano requests that government counsel be ordered to notify the agencies and private contractors with
24  custody of such evidence be informed of the Court's preservation order.

25  Further, Mr. Distefano requests an order granting defense counsel and/or their investigators access
26  to the vehicle and its contents as well as the alleged contraband or other items seized for the purposes of
27  investigation, including inspection, photographing, and re-weighing of the alleged contraband. Fed. R.
28  Crim. P. 16(a)(1)(E). A proposed Order is attached for the convenience of the Court.

Mr. Distefano requests that the evidence in the case be preserved throughout the pendency of the case, including any appeals.

### III.

### MOTION TO COMPEL DISCOVERY

Mr. Distefano moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent(s) as well as any reports containing such; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A)-(B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)-(B) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(h).

(3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition

of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(4) Any Information That May Result in a Lower Sentence Under The Guidelines. The Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) The Defendant's Prior Record. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(D).

(6) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(E).

(8) Tangible Objects. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

(9) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or his testimony.

(10) Impeachment Evidence. The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness

has made a statement favorable to the defendant. See Fed R. Evid. 608, 609 and 613; Brady v. Maryland, supra.

(11) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(13) <u>Witness Addresses</u>. The defendant requests the name and last known address of each prospective Government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(14) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him who was unsure of his identity, or participation in the crime charged.

(15) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(16) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

//

1       (17) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses.

       (18) <u>Agreements Between the Government and Witnesses</u>.  The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness and the Government (federal, state and/or local).  This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

       (19) <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Distefano. The Government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

       (20) <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

       (21) <u>Government Examination of Law Enforcement Personnel Files</u>. Mr. Distefano requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers.  Mr. Distefano requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The

obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Distefano prior to trial. Mr. Distefano specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(22) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(F). This request includes, but is not limited to, fingerprint expert testimony.

(23) <u>Residual Request</u>. Mr. Distefano intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Distefano requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## IV.

## **COMPEL NOTICE PURSUANT TO FED. R. CRIM. P. 12(b)(4)(B)**

Mr. Distefano hereby invokes his procedural rights pursuant FED. R. CRIM. P. 12(b)(4)(B) and moves for an order to compel notice by the government of its intention to use in its case in chief at trial any evidence which Mr. Distefano may be entitled to discover under Rule 16 of the FED. R. CRIM. P.

This Rule reads in pertinent part:

(4) Notice of the Government's Intent to Use Evidence.

\*\*\*

(B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's

> intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

FED. R. CRIM. P. 12(b)(4)(B). Rule 12(b)(4)(B) "provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object" so that the defendant may "avoid the necessity of moving to suppress evidence which the government does not intend to use."[2] FED. R. CRIM. P. 12 advisory committee note to 1974 amendment; see also 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 197, at 735 (2d ed.1982) (Rule 12(d) "is intended to facilitate the making of a pretrial motion for suppression of evidence."); United States v. Jordan, No. 3:06-CR-102, 2007 WL 1849985, at *3 (E.D. Tenn. June 5, 2007) ("Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence"); United States v. Anderson, 416 F. Supp. 2d 110, 112 (D.C. Cir. Feb. 23, 2006) (same) (quoting FED. R. CRIM. P. 12 advisory committee note to 1974 amendment).

> Thus, Rule 12(d) aids defendants in complying with their Rule 12(b)(3) obligation to make motions to suppress evidence prior to trial. This in turn preserves the integrity of a trial by not interrupting it with suppression motions. See FED. R. CRIM. P. 12 advisory committee's note (Rule 12(b)(3) "'is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt'") (quoting Jones v. United States, 362 U.S. 257, 264, 80 S. Ct. 725, 732, 4 L. Ed. 2d 697 (1960) (emphasis eliminated)).

United States v. de la Cruz-Paulino, 61 F.3d 986, 993-94 (1st Cir. 1995).

The amendments proposed by the Supreme Court and permitted by Congress to take effect beginning in 1975 show that compliance with such a defense request is mandatory and does not require any court action: "the government, either on its own or in response to a request by the defendant, *must* notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to

---

[2] Government violations of Rule 12(b)(4)(B) should excuse a defendant's failure to move to suppress evidence prior to trial, as required by Rule 12(b)(3), because defendants have no incentive to move to suppress evidence that the government will not be introducing. See United States v. Poole, 794 F.2d 462, 464 n. 1 (9th Cir.1986) (excusing the defendant's failure to move to suppress evidence prior to trial since the government had not warned the defendant that the evidence would be used); FED. R. CRIM. P. 12(e) ("A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver.").

move to suppress that evidence." FED. R. CRIM. P. 12 advisory committee note to 1975 amendment, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R. Rep. No. 94-247 (emphasis added); see also FED. R. CRIM. P. 12 advisory committee note to 2002 amendment (in explaining renumbering and reorganization of subparts of the Rule, stating that "[t]he Committee believed that [old Rule 12(d)], which addresses the government's *requirement* to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).") (emphasis added); United States v. Holmes, No. 07-CR-104, 2007 WL 2900438, at *2 (E.D. Wis. 2007) ("Rule 12(b)(4)(B), like FED. R. EVID. 404(b), entitles the defendant to certain information upon request; no court order or intervention is required"); United States v. Anderson, 416 F.Supp. 2d at 112 (discussing 1975 amendment to FED. R. CRIM. P. 12); United States v. Norman, No. 05-CR-30015-DRH-4, 2005 WL 2739082, at *2 (S.D. Ill. Oct. 24, 2005) ("the government is obligated to comply with both Rule 16 and Rule 12(b)(4)(B)."). The government's "duty to disclose [under Rule 12(b)(4)(B)] is a continuing one, and any 'arguably' suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable." United States v. Kimble, No. CR 106-156, 2007 WL 1430303, *2 (S.D. Ga. May 10, 2007).

"The notice required by the language of the rule is notice of what, if any, of the Rule 16 evidence that a defendant is entitled to receive will be used at trial; evidence that is not subject to Rule 16 disclosure, is not subject to the notice requirement of Rule 12(b)(4)(B)." United States v. Cheatham, 500 F. Supp. 2d 528, 534 (W.D. Pa. 2007) (citing United States v. Fischbach and Moore, Inc., 576 F.Supp. 1384, 1396-1397 (W.D. Pa. 1983) (discussing Federal Rule of Criminal Procedure 12(d)(2), now Federal Rule of Criminal Procedure 12(b)(4)(B)).

> It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial.

Kimble, 2007 WL 1430303, at *2. It should also be noted that when the government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B) "because it does not specify which evidence the government intends to use at trial." Cruz-Paulino, 61 F.3d at 993 (citing United States

v. Brock, 863 F. Supp. 851, 868 (E.D. Wis. 1994); Anderson, 416 F. Supp. 2d at 112, n. 1 ("Simply complying with an open file policy is insufficient to satisfy Rule 12(b)(4)(B) because merely making discovery available for inspection does not inform a defendant upon what evidence the government intends to rely") (citing Brock, 863 F. Supp. at 868; United States v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis.1988)). In Cruz-Paulino, the First Circuit explained:

> "To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial." Providing open-file discovery does not satisfy Rule 12(d)(2) because "the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial."

61 F.3d at 993 (citations omitted). The district court in Anderson similarly explained:

> Defendant's entitlement under Rule 12(b)(4)(B), then, is clear: of the material seized from [the defendant], the government must notify defendant of the evidence that it intends to use in its case-in-chief-that is, the evidence that will appear on the government's exhibit list for trial.

Anderson, 416 F. Supp. 2d at 112. Thus, mere disclosure of discovery to the defense pursuant to Rule 16 is insufficient notice pursuant to Rule 12(b)(4)(B) of what the government intends to use in its case in chief at trial.[3]

Accordingly, Mr. Distefano requests that any evidence or information that falls within Rule 12(b)(4)(B) be specifically identified from among the items of other discovery that will be produced pursuant to Rule 16. It is not the intent or purpose of Rule 12(b)(4)(B) that the government simply reply that its Rule 12(b)(4)(B) evidence is contained "somewhere" within the mass of discovery items provided under Rule 16. Specific identification of Rule 12(b)(4)(B) evidence is essential to enable counsel to prepare effectively, to conserve judicial time and resources, and if appropriate, to afford an opportunity to move to suppress.

---

[3] Also, although Rule 12(b)(4)(B) speaks only of evidence that the government intends to use in its case-in-chief, federal courts have the inherent authority to require the government to give notice of such evidence that the government intends to use in rebuttal or otherwise. See United States v. Richter, 488 F.2d 170, 173-74 (9th Cir. 1973). Such notice is required to "protect[] the trial from error and enable[] the defense at the most appropriate time to obtain a ruling on the usability by the prosecution of important evidence." Battle v. United States, 345 F.2d 438, 440 (D.C. Cir. 1965).

1   Mr. Distefano also asks the Court to require the government to file a Rule 12(b)(4)(B) notice some
2   reasonable time prior to the defense's deadline to file appropriate motions under Rule 12(b)(3)(C) and that,
3   if necessary, the defendant be permitted an extension of the motions deadline to file motions to exclude the
4   proffered evidence from admission at trial.[4]

**V.**

**MOTION TO DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY AND FOR PRODUCTION OF THE TRANSCRIPT FOR THE JULY 2008 GRAND JURY'S IMPANELMENT**

Mr. Distefano is requesting a copy of the transcript of the July 2008 grand jury impanelment. The transcript is needed to examine the record of what specific instructions were given to the grand jurors relating to their powers, or lack thereof. Based in part of the review of the grand jury instructions given in the past, including those provided during impanelment of the January and July 2007 panels as well as the model grand jury charge approved by the judicial conference of the United States, March 2005, see http://www.uscourts.gov/jury/charge.html, which provides the template for grand jury's impanelment instructions, Mr. Distefano believes that the grand jury in his case was improperly instructed.

As such, Mr. Distefano moves to dismiss the Indictment due to misinstruction of the July 2008 Grand Jury. Mr. Distefano's arguments are essentially those set out in Judge Hawkins' dissents in United States v. Marcucci, 299 F.3d 1156 (9th Cir. 2002), cert. denied, 1538 U.S. 934 (2003), and United States v. Navarro-Vargas, 408 F.3d 1184 (9th Cir. 200) (en banc), and Judge Kozinski's dissent in the three-judge panel opinion in United States v. Navarro-Vargas, 367 F.3d 896 (9th Cir. 2004), opinion vacated by and en banc review granted by United States v. Navarro-Vargas, 367 F.3d 920 (9th Cir. 2004), and he incorporates those arguments by reference.

FED. R. CRIM. P. 6(e)(3)(E) states in pertinent part:

The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter:

---

[4] The Court has significant latitude in fashioning the mechanism by which such disclosure must occur. According to the advisory committee notes to the 1974 amendment to Rule 12, "[n]o sanction is provided for the government's failure to comply with the court's order because the committee believes that attorneys for the government will in fact comply and that *judges have ways of insuring compliance*." FED. R. CRIM. P. 12, advisory committee notes to 1974 amendment (emphasis added).

\*\*\*

 (ii) at the request of a defendant who shows that *a ground may exist* to dismiss the indictment because of a matter that occurred before the grand jury.

FED. R. CRIM. P. 6(e)(3)(E)(ii) (emphasis added). While grand jury proceedings are usually secret, see Rule 6(e)(2), exceptions are made when a defendant "shows that a ground may exist to dismiss the indictment." Rule 6(e)(3)(E)(ii). The Court may order disclosure of grand jury proceedings "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The Ninth Circuit requires a "particularized need" to justify disclosure, see United States v. Walczak, 785 F.2d 852, 857 (9th Cir. 1986), but that need cannot be any different than the standard set forth in Rule 6(e)(3)(E)(ii): Mr. Distefano need only show that "a ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii) (emphasis added). That is why the Rule's "general suggestion [is] in favor of disclosure." See Walczak, 785 F.2d at 857.

 Disclosure of the grand jury transcript is the only manner in which Mr. Distefano can ascertain whether at the time of its impanelment the grand jury was properly instructed on its powers. After all, the transcript of the grand jury impanelment is the only record of these challenged instructions, and thus, must be disclosed under Rule 6(e)(3)(E)(ii). The requested information only involves the instructions given to the grand jurors, not a portion of the grand jury proceedings that invokes the public's interest in secrecy. Further, the statute only requires that Mr. Distefano show that a ground may exist. Rule 6(e)(3)(E)(ii). That showing has been made in this case.

## VI.

## **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

 Defense counsel requests leave to file further motions and notices of defense based upon information gained in the discovery process as well as defense investigation. In particular, Mr. Distefano intends to file, at the least, motions to suppress any statements and challenge the search and search warrant in this case.

/ /

/ /

/ /

# VII.

## **CONCLUSION**

For these and all the foregoing reasons, the defendant, Mr. Distefano, respectfully requests that this Court grant his motions and grant any and all other relief deemed proper and fair.

Respectfully submitted,

DATED: July 25, 2008
*s/ Jason I. Ser*
JASON I. SER
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Distefano
E-mail: jason_ser@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

U.S. Attorney CR
Efile.dkt.gc2@usdoj.gov

Respectfully submitted,

DATED:    July 25, 2008                    /s/ Jason I. Ser
                                           **JASON I. SER**
                                           Federal Defenders of San Diego, Inc.
                                           Attorneys for Mr. Distefano